■ In the Matter of JOHN C. McDONALD, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Petitioner, the Committee on Professional Standards, has charged respondent with committing professional misconduct by engaging in the private practice of law and acting as an officer for a county political committee while serving as the full-time elected District Attorney for Essex County. Respondent, who was admitted to practice by this court in 1960, has admitted the charges.

Respondent became the part-time District Attorney for Essex County in 1972 by gubernatorial appointment to fill a vacancy. He has served as District Attorney since that time, having been elected and then re-elected on a number of occasions. Effective January 1, 1979, the office was designated full-time by the Essex County Board of Supervisors, pursuant to County Law § 700 (8) as amended by chapter 419 of the Laws of 1978. County Law § 700 (8) clearly prohibits a full-time District Attorney, such as respondent, from engaging in the private practice of law.

Charge I of the petition, in three specifications, accuses respondent of violating Code of Professional Responsibility DR 1-102 (A) (5) and (6),* by engaging in the private practice of law while also serving as a full-time District Attorney, in violation of County Law § 700 (8). Specification one states that respondent represented ten named estates from 1980 through

---

* Effective September 1, 1990, section (6) was renumbered section (7) and made gender neutral.

1988. Specification two states that in 1980 and 1981 respondent represented the parties in two intra-family real estate transactions. Specification three states that he prepared an agreement in August 1988. In view of the clear proscription against private practice by a full-time District Attorney set forth in County Law § 700 (8), we find respondent guilty of the professional misconduct alleged in charge I.

Charge II, in a single specification, accuses respondent of violating Code of Professional Responsibility DR 1-102 (A) (5) and (6) in 1989 and 1990 by acting as the recording secretary for the Essex County Republican Committee. Petitioner, citing several authorities, argues that such political activity by a District Attorney is unethical *(see, e.g.,* NY St Bar Assn Comm on Professional Ethics Opn 217 [1971]; Resolution Concerning Code of Conduct for Political Activity by NY District Attorney's Assn [stating, *inter alia,* that a District Attorney may not, "be a member or serve as an official of any political committee, club, organization, or group having a political purpose"]; *see also,* Public Officers Law § 73 [9]; Code of Professional Responsibility EC 8-8; County of Essex Code of Ethics § 3 [g]). The developed ethical restrictions on political activity by a District Attorney appear designed to preserve the role of that office as an administrator of impartial justice, both actually and as a matter of public perception, and to insulate the officeholder from the conflicts of interest and extrinsic pressures which can ensue from formal political activity. Therefore, we find that respondent's service as recording secretary for a county political committee while holding the office of District Attorney was improper and violative of Code of Professional Responsibility DR 1-102 (A) (5) and (6), as charged in the petition.

In mitigation of his misconduct, respondent explains that, prior to becoming a full-time District Attorney, his permitted private practice primarily involved trust, estate, and real estate matters with a number of elderly clients. These clients continued to see him after he became a full-time District Attorney and he made the mistake of continuing to handle uncontested matters for them. The impetus to continue serving such clients was abetted, according to respondent, by financial pressures and by continuing discussions by the Essex County Board of Supervisors about whether the District Attorney's office should revert to a part-time position. Respondent has also advised us that he has publicly admitted his misconduct and apologized for it, and has ceased all private practice activities. We also note that respondent's previously unblem-

ished disciplinary record, the lack of any demonstrated actual injury to the public or to his private clients, and his nineteen years of service as Essex County District Attorney, also serve to mitigate the charged professional misconduct.

Under the circumstances presented, we conclude that respondent should be censured.

Casey, J. P., Weiss, Mikoll, Yesawich Jr. and Crew III, JJ. concur. Ordered that respondent is censured.